**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Astra Veda Corporation, et al., | No.  CV-22-00900-PHX-SPL |
| Plaintiffs, | **ORDER** |
| vs. | |
| Disruptive Resources LLC, | |
| Defendants. | |

Before the Court are Plaintiffs' Motion to Stay (Doc. 12), Defendant's Motion to Stay (Doc. 13), and the parties' Joint Memorandum (Doc. 16). On July 14, 2022, Plaintiffs and Defendant both moved to stay this case pending the resolution of the *ex parte* reexamination of U.S. Patent No. 10,473,437B2 (the "'437 Patent")—which is owned by Defendant— by the U.S. Patent and Trademark Office ("USPTO"). (Docs. 12–14). However, Defendant's Motion alternatively requested that the case be dismissed. The next day, the Court ordered the parties to file a joint memorandum explaining why the case should be stayed rather than dismissed without prejudice subject to reinstatement. (Doc. 15). In the Joint Memorandum, Plaintiffs maintain that the case should be stayed (Doc. 16 at 2–8), while Defendant takes the position that the case should be dismissed without prejudice (*id.* at 8–13).

In this action, filed on May 25, 2022, Plaintiffs seek "a declaration that certain claims of [the '437 Patent] are invalid" under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. (Doc. 1 at 1). The day before filing this case, Plaintiffs also filed (1) a

request for *ex parte* reexamination of the '437 Patent with the USPTO, and (2) a declaratory judgment action against Defendant and the inventor of the '437 Patent in Maricopa County Superior Court.[1] (Doc. 12 at 2–3).

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act . . . ." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). "[T]he district court must balance concerns of judicial administration, comity, and fairness to the litigants." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005) (internal quotation marks omitted). Factors for the Court to consider in exercising its discretion include the discouragement of the use of declaratory actions as a means of forum shopping, the avoidance of duplicative litigation, the extent to which the declaratory action will resolve the controversy, the convenience of the parties, and the availability and convenience of other remedies. *See id.*

Even in their Complaint in this action, Plaintiffs asserted that this action should be stayed while the USPTO reexamination is pending. (Doc. 1 at 2). It is unclear to the Court why Plaintiffs would file an action with a simultaneous request that it be stayed pending a USPTO reexamination that they requested a day prior and that they admit could moot the issues raised in this case. (Doc. 16 at 7). To be sure, Plaintiffs assert that "[t]here are more avenues to the patent reemerging from the Patent Office to be sued upon than there are avenues that result in the issues being moot," but the Court sees no reason to allow this case to linger on the Court's docket based on that mere possibility. (*Id.*). Plaintiffs further assert that "[d]ismissing the matter will allow Defendant to continue to levy threats against Plaintiffs" regarding patent infringement and "allow Defendant to gain an unjust tactical advantage in choice of venue." (*Id.*). As to the former issue, the Court does not see how staying this case rather than dismissing it would prevent Defendant from suing or threatening to sue for infringement. As to the latter

---

[1] That case was removed to this Court by the defendants but has since been remanded back to Maricopa County Superior Court. Order, *Astra Veda Corp. v. Disruptive Res. LLC*, No. 22-CV-01218-PHX-SPL (D. Ariz. Aug. 29, 2022), ECF No. 22.

issue, it seems to the Court that Plaintiffs, in fact, are doing exactly what they assert Defendant may do. They filed suit in this Court and immediately sought a stay pending USPTO proceedings that could moot this case, suggesting that they are improperly using this declaratory action to lock in their choice of forum should litigation become necessary.

In addition to discouraging forum shopping, dismissal of this action will prevent duplicative, parallel proceedings, and will best serve the interests of judicial administration and convenience for the parties. There is no reason to have this case stayed for months or even years during the reexamination proceedings and require the parties to periodically update the Court on those proceedings when the underlying dispute may be resolved by the USPTO without this Court's involvement. Moreover, given that Plaintiffs are in fact seeking another remedy via the request for reexamination, it is clear that other remedies are available and convenient. If issues raised in Plaintiffs' Complaint remain after the USPTO reexamination is complete, the parties may move to reinstate this case. But the Court declines to entertain this declaratory action at this time.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Stay (Doc. 12) and Defendant's Motion to Stay (Doc. 13) are **denied**.

**IT IS FURTHER ORDERED** that this action is **dismissed without prejudice**, subject to reinstatement by motion of the parties.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this action.

Dated this 31st day of August, 2022.

Honorable Steven P. Logan
United States District Judge